IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MAHOLMES, JR.,

                Plaintiff,

v.                                                         OPINION and ORDER

JAFIA KUZMIK, DANIEL ZOCH, BAILEY FRAME,           24-cv-922-jdp
ERIC LOSSEE, and EMILY NOLAN-PLUTCHAK,

                Defendants.

---

Plaintiff Antonio Maholmes, Jr., proceeding without counsel, is suing several state employees for issues arising out of his interaction with the criminal justice system. The complaint is before the court for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A, which require the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I accept the allegations as true and read the complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Maholmes must still provide fair notice of his claim and "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023).

For the reasons below, I cannot allow Maholmes to proceed on any of his claims. But I will allow him to amend his complaint to clarify one claim.

ANALYSIS

Maholmes does not organize his allegations into counts, and he does not identify any legal theories in his complaint. But I understand Maholmes to be challenging the following conduct:

1) In 2023 and 2024, defendants Emily Nolan-Plutchak (Maholmes's public defender), Daniel Zoch (a probation agent), Bailey Frame (a social worker), Eric Losse (a "regional chief"), and Jafia Kuzmik (a probation agent) failed to comply with a state-court order to coordinate in-patient mental health treatment for Maholmes.

2) In January 2024, Kuzmik failed to provide Maholmes with a due process hearing before seeking to modify the conditions of Maholmes's probation.

3) In May 2024, Kuzmik falsified a report that Maholmes had absconded to Minnesota, resulting in Maholmes's removal from a treatment facility.

4) In May 2024, Kuzmik "misrepresented facts in order to secure a warrant for [Maholmes's] arrest." Dkt. 1, at 6.

5) In May 2024, Kuzmik "attempted to persuade the court to not grant [Maholmes] sufficient credit for time served." Dkt. 1, at 6.

6) From October 2024 through December 2024, in the context of investigating whether Maholmes had violated his probation conditions, Kuzmik "refused to examine exculpatory evidence" "misrepresented statements and omitted material facts," and refused to use "an objective standard."

None of these allegations state a claim under federal law.

Claims 1) and 3) are about the denial of in-patient treatment. In most circumstances, the Constitution does not require the state to provide medical treatment to anyone. *See DeShaney v. Winnebago County Dept. of Social Servs.,* 489 U.S. 189, 196 (1989); *Paine v. Cason*, 678 F.3d 500, 507 (7th Cir. 2012). Prisoners have a limited right to medical treatment under the Eighth Amendment, but that is only because the government has deprived prisoners of the ability to provide for themselves. *See DeShaney*, 489 U.S. at 199–200; *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But even then, a prisoner does not have the right to specific treatment. *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). Rather, prison officials violate the Eighth Amendment if they disregard substantial risks of serious harm to the prisoner's health. *Rodgers v. Rankin*, 99 F.4th 415, 419–20 (7th Cir. 2024).

In this case, Maholmes was a probationer, not a prisoner. He does not allege that he was prevented from seeking treatment on his own, and he does not allege that he faced a substantial risk of serious harm without the in-patient treatment. Instead, he says that defendants were violating a state-court's order requiring them to arrange for in-patient treatment as part of his sentence. But a violation of a state-court order is not a violation of federal law. If Maholmes has a remedy for the alleged violations, that remedy lies with the state court, not this court. So I will dismiss claims 1) and 3) for failure to state a claim upon which relief may be granted.

Claims 2), 5), and 6) are challenges to Maholmes's custody or sentence.[1] But that type of challenge may not be raised in the context of a civil rights action in federal court unless the custody or sentence has already been invalidated through other means. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Savory v. Cannon*, 947 F.3d 409, 414–17 (7th Cir. 2020). This rule also applies to challenges to parole or probation conditions. *See Courtney v. Butler*, 66 F.4th 1043, 1050 (7th Cir. 2023); *Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003). If Maholmes believes that his sentence is incorrect or his probation should not have been revoked or modified, that type of claim can only be raised in the context of a petition for a writ of habeas corpus, and only after he has exhausted his remedies in *state* court. Maholmes has not done that, so I will dismiss claims 2), 5), and 6) without prejudice because they are barred under *Heck*.

---

[1] Maholmes does not expressly say whether the investigation in late 2024 led to the revocation of his probation. But if it didn't, then claim 6) fails because Maholmes has not identified any injury for Kuzmik's alleged mishandling of the investigation.

This leaves claim 4), in which Maholmes alleges that Kuzmik "misrepresented facts in order to secure a warrant for [Maholmes's] arrest." I will assume that the "misrepresented facts" are that Maholmes absconded to Minnesota. In another part of his complaint, Maholmes says that he did not abscond; he was "lawfully extradited" to Minnesota, and Kuzmik knew that. Dkt. 1, at 5. But even if I accept as true that Kuzmik lied about Maholmes absconding, Maholmes has not provided fair notice of his claim because he does not say whether he was actually arrested or prosecuted for absconding. If Kuzmik lied about Maholmes, but Maholmes was not detained because of the lie, then there was no constitutional violation. I will dismiss this claim but give Maholmes an opportunity to file a supplement to the complaint that clarifies what happened to him.

ORDER

IT IS ORDERED that:

1. Plaintiff Antonio Maholmes, Jr.'s complaint is DISMISSED for the following reasons:

    a. Maholmes's claim that Emily Nolan-Plutchak, Daniel Zoch, Bailey Frame, Eric Losse, and Jafia Kuzmik failed to comply with a state court order to coordinate in-patient mental health treatment for Maholmes is DISMISSED for failure to state a claim upon which relief may be granted.

    b. Maholmes's claim that Kuzmik failed to provide Maholmes with a due process hearing before seeking to modify the conditions of Maholmes's probation is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994).

    c. Maholmes's claim that he was removed from a treatment center because Kuzmik falsified a report that Maholmes had absconded to Minnesota is DISMISSED for failure to state a claim upon which relief may be granted.

4

    d. Maholmes's claim that Kuzmik misrepresented facts in order to secure a warrant for Maholmes's arrest is DISMISSED for failure to state a claim.

    e. Maholmes's claim that Kuzmik refused to examine exculpatory evidence, misrepresented statements, omitted material facts, and refused to use an objective standard when investigating probation violations is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994).

2. Maholmes may have until May 8, 2025, to file a supplement to his complaint that explains whether he was arrested, prosecuted, or convicted for absconding to Minnesota. If Maholmes does not respond by then, the clerk of court is directed to enter judgment and close the case:

Entered April 24, 2025.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge