IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO MAHOLMES, JR.,

Plaintiff,

v.

JAFIA RITCHIE,

Defendant.[1]

OPINION and ORDER

24-cv-922-jdp

---

Plaintiff Antonio Maholmes, Jr., proceeding without counsel, alleges that his probation agent, defendant Jafia Ritchie, falsely reported that he had absconded, leading to his arrest. I allowed Maholmes to proceed on a claim under the Fourth Amendment.

Ritchie moves for summary judgment on the ground that Maholmes had violated his terms of release by leaving a residential facility without permission. Maholmes did not respond to Ritchie's motion, which means I must accept as true Ritchie's proposed findings of fact but still must determine whether Ritchie is entitled to judgment as a matter of law. Motions for Summary Judgment II.C, *attached* to Dkt. 20; *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013); *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

The question presented on Maholmes's claim is whether Ritchie had reasonable suspicion that Maholmes was violating the conditions of his supervision. *See Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003). Ritchie has satisfied that standard.

Ritchie submitted proposed findings of fact showing the following:

- In April 2024, Ritchie learned that Maholmes had been transferred from Wisconsin to Minnesota to face charges in Minnesota. Dkt. 30, ¶ 9.

---

[1] Ritchie's former name was Kuzmik, and that is the name in Maholmes's complaint. I have amended the caption to reflect Ritchie's current name.

- While in Minnesota, Maholmes was placed in a treatment center as part of his conditions in the Minnesota case. *Id.* ¶ 10.

- In May 2024, the treatment center contacted Ritchie to tell her that Maholmes had left the facility. Around the same time, Maholmes called Ritchie, telling her the same thing and adding that he was not planning on coming back. *Id.* ¶¶ 12–13.

- Maholmes's unauthorized departure from the facility without informing Ritchie where he was going violated his Wisconsin rules of supervision. *Id.* ¶ 15.

These facts show that Ritchie had reasonable suspicion that Maholmes was violating the conditions of his supervision, so she was within her authority to request his apprehension. I will grant Ritchie's motion for summary judgment.

ORDER

IT IS ORDERED that:

1. The motion for summary judgment filed by Jafia Ritchie (formerly known as Jafia Kuzmik), Dkt. 28, is GRANTED.

2. The clerk of court is directed to enter judgment in Ritchie's favor and close this case.

Entered October 13, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge